UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAMELA COBB, ET AL.,                                    CIVIL ACTION
     Plaintiffs

VERSUS                                                   NO.  26-829

LYFT, INC., ET AL.,                                      SECTION: "E"
     Defendants

## ORDER AND REASONS

Before the Court is a motion to remand filed by Plaintiffs Pamela Cobb and Jodie

Buchanan ("Plaintiffs").[1] Defendant Lyft, Inc. ("Lyft") filed an opposition.[2]

## BACKGROUND

This is a personal injury action originally filed in state court.[3] Plaintiffs allege that,

on March 31, 2025, they requested transportation in New Orleans, Louisiana through the

Lyft rideshare application.[4] Plaintiffs allege the Lyft application assigned Defendant

Burcak Erkan ("Erkan") as the Plaintiffs' driver, and Erkan met Plaintiffs at or near 507

S. Pierce Street in New Orleans to pick them up.[5] Plaintiffs allege that, as Cobb was

loading luggage into the trunk of Erkan's vehicle, Erkan closed the trunk door, striking

Cobb in the head and causing her injury.[6]

On March 17, 2026, Plaintiffs brought this action against Lyft and Erkan in the

Civil District Court for the Parish of Orleans.[7] Plaintiffs allege Erkan negligently, and in

---

[1] R. Doc. 8.
[2] R. Doc. 10.
[3] R. Doc. 1-1.
[4] *Id.* at p. 1 ¶ 2.
[5] *Id.*
[6] *Id.* at p. 1 ¶ 3.
[7] *Id.* at p. 1.

1

the course and scope of her employment with Lyft, hit Cobb in the head while closing the trunk lid.[8] Plaintiffs allege Lyft negligently trained, supervised, and hired Erkan.[9] Plaintiffs allege that, as a result of Defendants' negligence, Cobb sustained serious and permanent injuries resulting in past and future physical and mental pain and suffering, past and future loss of enjoyment of life, past and future disability, permanent disfigurement, loss of past earnings, loss of future earning capacity, and past and future medical expenses.[10] Plaintiffs further allege Cobb's wife, Jodie Buchanan, has suffered a loss of companionship, consortium, and support and enjoyment of life as a result of Defendants' negligence.[11]

On April 20, 2026, Lyft filed a Notice of Removal of the action to this Court, arguing this Court has diversity subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.[12] In its Notice of Removal, Lyft noted that complete diversity of citizenship is present, even though Erkan is a citizen of Louisiana,[13] as Plaintiffs are citizens of Florida and Lyft is a corporation incorporated under the laws of Delaware with its principal place of business in California.[14]

On May 20, 2026, the Plaintiffs filed a Motion to Remand arguing first that 28 U.S.C. § 1441(b)(2), known as the "forum defendant rule," bars removal of a matter in which a properly served defendant is a citizen of the forum state—in this case, Erkan's citizenship in Louisiana. In their motion to remand,[15] Plaintiffs argue that Erkan is a citizen of Louisiana and the forum defendant rule prohibits removal of a case if any of the

---

[8] *Id.* at p. 1 ¶ ¶ 4-5.
[9] *Id.* at p. 2 ¶ 6.
[10] *Id.* at p. 1 ¶ 10.
[11] *Id.* at p. 1 ¶ 11.
[12] R. Doc. 1 at p. 1 ¶ 3.
[13] *Id.* at p. 2 ¶ 5.
[14] *Id.* at pp. 1-3 ¶ ¶ 3-7.
[15] R. Doc. 8.

parties who are "properly joined and served as defendants is a citizen of the State" in which the action is brought.[16] Plaintiffs argue the Court should consider Erkan's citizenship in its remand analysis, as Plaintiffs' failure to serve Erkan before Lyft filed its notice of removal was not due to Plaintiffs' inattentiveness but Lyft's desire to remove this case before Erkan could make an appearance.[17] Plaintiffs further challenge whether the amount-in-controversy requirement is satisfied, arguing it is not facially apparent they seek damages in excess of $75,000 and that Lyft has not offered competent summary-judgment type evidence showing they seek the jurisdictional amount.[18]

In its opposition to the motion to remand, Lyft argues that Plaintiffs had not served Erkan at the time Lyft filed its notice of removal on April 20, 2026.[19] As a result, Lyft argues the forum defendant rule does not bar removal of this matter.[20] In support of this argument, Lyft provided records from the Orleans Parish Sheriff's office showing that Erkan was served with the state court petition on April 30, 2026.[21] On May 5, 2026, Lyft filed all the state court proceedings in the record, including the notice of removal it filed in the record of the Orleans Civil District Court on April 20, 2026.[22] Lyft also argues in the notice of removal to this Court that the requisite $75,000 amount-in-controversy requirement of Section 1332 is satisfied.[23] Lyft argues it has demonstrated by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional amount.[24] In support, Lyft argues that Plaintiffs' state court petition alleges

---

[16] R. Doc. 8-1 at pp. 9-10.
[17] *Id.* at p. 9.
[18] *Id.* at p. 7.
[19] R. Doc. 10 at p. 11.
[20] *Id.*
[21] R. Doc. 10-1 at p. 2.
[22] R. Doc. 7-1 at p. 28.
[23] *Id.* at p. 3 ¶ 8.
[24] *Id.* at pp. 7-8 ¶ 22.

Cobb suffered severe injuries, including a concussion, that led to permanent disfigurement.[25] Lyft argues Louisiana courts have awarded damages in excess of $75,000 for similar injuries.[26] Lyft further provides Cobb's medical bills, showing that Cobb has thus far incurred $34,122.00 in expenses related to treatment for her injuries.[27]

## LAW AND ANALYSIS

### I.   Lyft has demonstrated that Plaintiffs seek damages in excess of $75,000.

Lyft has demonstrated that Plaintiffs seek damages in excess of $75,000. The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to 1332(a)(1)."[28] Because Louisiana law prohibits state-court plaintiffs from claiming a specific amount of damages, the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional amount at the time of removal.[29] The removing defendant may meet its burden in one of two ways, either—(1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000 jurisdictional threshold, or (2) by offering "summary-judgment type evidence" of facts in controversy, which support a finding that the requisite amount was in controversy.[30]

---

[25] *Id.* at p. 3 ¶ 10.

[26] R. Doc. 10 at p. 6.

[27] R. Doc. 1-2.

[28] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). *See also Manguno*, 276 F.3d at 723.

[29] *See id.*; *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett*, 171 F.3d at 298.

[30] *Simon*, 193 F.3d at 850; *Luckett*, 171 F.3d at 298. *See also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003). The Court notes that Plaintiffs have the option of showing they seek damages below the requisite amount in controversy "by filing a binding stipulation" to that effect. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 724 (5th Cir. 2002). However, Plaintiffs have provided no such stipulation.

Plaintiffs argue it is not facially apparent from their state court petition that they seek damages in excess of $75,000.[31] Plaintiffs argue their allegations of "physical and mental pain and suffering, loss of enjoyment of life, disability, permanent disfigurement, loss of past earning[s], loss of future earning capacity, and medical expenses, both past and future. . ." constitute general damages categories that do not demonstrate the jurisdictional amount is satisfied.[32] Plaintiffs further argue Lyft provides no competent summary judgment type evidence that Plaintiffs' damages exceed $75,000, as Cobb's medical expenses show that she has incurred only $34,122 in medical bills.[33]

Lyft argues it has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000. Lyft points to Cobb's medical records, attached to the notice of removal, which reflect diagnoses including post-concussive syndrome, a head injury, a cervical strain, and a concussion without loss of consciousness.[34] Cobb's medical records further show that she incurred $34,122 in medical expenses for treating these injuries, including undergoing bloodwork, lab work, head CT scans, and an electrocardiogram.[35] Lyft also points out that Plaintiff alleges she is receiving ongoing medical treatment for her injuries.[36]

Lyft has demonstrated by a preponderance of the evidence that the amount in controversy in this matter exceeds $75,000. Plaintiffs allege Cobb suffered a serious head injury that resulted in permanent disfigurement as well as past and future disability.[37]

---

[31] R. Doc. 8-1 at p. 4.
[32] *Id.* at p. 5.
[33] Id. at p. 6.
[34] R. Docs. 1-2 at p. 1; 1-3 at p. 6.
[35] R. Docs. 1-2 at p. 1.
[36] R. Doc. 1-1 at p. 3 ¶ 10.
[37] *Id.*

5

Louisiana courts have awarded damages in excess of $75,000 for similar injuries.[38] A damage award for Cobb's injuries could easily exceed $75,000. Accordingly, the Court finds Lyft has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000, and the Court will not remand this matter to state court for lack of a sufficient amount in controversy.[39]

## II.    The forum defendant ule does not warrant remand because Plaintiffs had not served Erkan at the time of removal.

The fact that Erkan is a citizen of Louisiana does not warrant remand because Plaintiff had not served Erkan on April 20, 2026, the date Lyft filed its notice of removal.[40] 28 U.S.C. § 1441(b)(2) provides that:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The Fifth Circuit held in *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.* that "[a] non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state."[41] Courts refer to this concept as "snap removal."[42]

---

[38] *See Cronin v. Dep't of Pub. Safety & Corr., Off. of Motor Vehicles*, 2009-0256 (La. App. 4 Cir. 8/26/09), 19 So. 3d 45, *writ denied sub nom. Cronin v. Dep't of Pub. Safety & Corr.*, 2009-2256 (La. 1/8/10), 24 So. 3d 874 (awarding $250,000 in damages to a plaintiff with an MRI that revealed mild brain atrophy related to glass falling and striking his head); *Hebert v. Old Republic Ins. Co.*, 01-355 (La. App. 5 Cir. 1/29/02), 807 So. 2d 1114 (awarding $190,0000 in damages to a plaintiff diagnosed with post-concussion headaches, a cervical strain, a contusion with strain to the left shoulder, and a strained left rotator cuff, as well as $60,000 in consortium damages for the plaintiff's wife).

[39] Even if Plaintiff Buchanan's loss of consortium claim does not exceed $75,000 on its own, this Court may exercise supplemental jurisdiction over this derivative and closely related claim. *Booty v. Shoney's, Inc.*, 872 F. Supp. 1524, 1527 (E.D. La. 1995).

[40] Erkan was served with Plaintiffs' petition on April 30, 2026. R. Doc. 10-1 at p. 2.

[41] 955 F.3d 482, 487 (5th Cir. 2020).

[42] *Id.* at 485.

Erkan is a citizen of Louisiana and, as a result, is a citizen of the state in which this action is brought. However, Lyft filed its notice of removal in this Court and the Orleans Civil District Court on April 20, 2026,[43] making removal effective on that date.[44] "[R]emoval is effected and the federal court assumes jurisdiction when the notice of removal is filed with the state court."[45] The Orleans Parish Sherriff's Department records show Erkan was not served until April 30, 2026,[46] meaning Plaintiffs had not served Erkan with their state court petition at the time Lyft removed this matter. As a result, Erkan was not a properly joined *and served party* at the time of removal, and the forum defendant rule does not bar Lyft's removal of this matter.[47]

Plaintiffs argue this Court should not apply *Texas Brine* to this case.[48] Plaintiffs argue they did not strategically withhold service from Erkan and that Lyft "raced to remove the case while service upon the in-state defendant [Erkan] remained pending through no fault of Plaintiffs."[49] Plaintiffs argue for a narrow interpretation of the Fifth Circuit's holding in *Texas Brine*. However, *Texas Brine* does not hold that snap removals are limited to situations in which the plaintiff has strategically withheld service[50] and Plaintiff has not identified any cases that support this position. While Plaintiffs may find the concept of snap removal unfair, this Court may not disregard Fifth Circuit precedent that expressly permits such removals. Because Erkan had not been served with Plaintiffs' state court petition at the time Lyft filed its notice of removal, the forum defendant rule

---

[43] R. Docs. 1; 7-1 at p. 28.
[44] *See id.*
[45] *Azharian v. Koslowski*, No. 24-CV-01820-PAB-SBP, 2025 WL 1359274, at *2 (D. Colo. May 9, 2025)(citing *Stephens v. Portal Boat Co.*, 781 F.2d 481, 482 n.1 (5th Cir. 1986)).
[46] R. Doc. 10-1 at p. 2.
[47] *See Texas Brine*, 955 F.3d at 487.
[48] R. Doc. 8-1 at p. 7.
[49] *Id.* at p. 9
[50] *See Texas Brine*, 955 F.3d at 487.

does not bar Lyft's removal of this action, and the Court will not remand this matter to state court.[51]

## CONCLUSION

**IT IS ORDERED** that Plaintiffs' Motion to Remand is **DENIED.**[52]

**New Orleans, Louisiana, this 2nd day of July, 2026.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[51] *See id.*
[52] R. Doc. 8.